# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Jessica S. Allen**
**United States Magistrate Judge**

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
973-645-2580

July 17, 2024

To: All counsel of record

### LETTER ORDER PURSUANT TO RULE 16.1

RE: **FUJIFILM CORPORATION v. EASTMAN KODAK COMPANY**
**Civil Action No. 24-4017 (MCA)(JSA)**

Dear Counsel:

     The Court will conduct an Initial Scheduling Conference before the Undersigned on **September 13, 2024 at 2:00 p.m. by way of Video Conference**, and will provide the parties with the connection information in advance.

     Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, counsel shall immediately exchange the following information without a formal discovery request:

- identities of individuals likely to have knowledge of discoverable facts;
- documents and things in the possession of counsel or the party;
- insurance agreements in force; and
- computation of each category of damages including any documents or other evidentiary material under Rule 34.

     **At least fourteen (14) days prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to Fed. R. Civ. P. 26(f), and shall submit a joint discovery plan to the Undersigned no later than SEPTEMBER 9, 2024**. The discovery plan shall include (1) a brief summary of the claims and defenses; and (2) a proposed schedule for completing fact and expert discovery. The discovery plan may include a summary of the status of settlement negotiations.

     **(THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.)**

At the Conference, the Court will address scheduling of all motions. <u>No motions, other than a motion under Fed. R. Civ. P. 12, shall be filed</u> without prior leave of Court. If any motions have already been filed, please advise the Court immediately, in writing, regarding the nature of the motion and its present status. You may submit unopposed applications for *pro hac vice* admission with my Chambers. Please obtain consent of your adversary prior to filing your application, advising both in your cover letter and proposed Order that you have consent. In addition, the party shall follow the requirements of L.Civ.R. 101.1(c) and submit a certification that states local counsel:

(1) is a member of the New Jersey bar in good standing and lists all bars in which counsel is admitted and their contact information, (2) will be responsible for the conduct of the pro hac vice counsel, (3) will sign all pleadings and submissions and make all court appearances, and (4) will ensure that pro hac vice counsel will comply with L.Civ.R. 101.1(c). The certification shall also state whether or not the applicant has received the consent of opposing counsel. The certification of proposed pro hac vice counsel shall include said counsel's actual signature and state that counsel: (1) is a member of a bar in good standing and list all bars in which counsel is admitted and their contact information,
(2) will submit to this Court's jurisdiction for discipline, (3) will pay the Clerk's fee, (4) will make payment to the client fund; and (5) will abide by Local Civil Rule 101.1(c).

At the Conference, all parties who are not appearing *pro se* must be represented by counsel who shall have full authority to bind their clients in all pre-trial matters. Counsel shall also be prepared to discuss the merits of the case and have settlement authority. See L.Civ.R. 16.1(a).

Counsel for Plaintiff(s) shall notify any party, who hereafter enters an appearance, of the above Conference, and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above Conference may be canceled.

Failure to comply with the terms herein may result in the imposition of sanctions.

**SO ORDERED.**

*/s/ Jessica S. Allen*
**Honorable Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Madeline Cox Arleo, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
|  | : |  |
| Plaintiff(s), | : | Hon. |
|  | : |  |
| v. | : | JOINT DISCOVERY PLAN |
|  | : |  |
|  | : |  |
| Defendant(s). | : |  |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

2. Have settlement discussions taken place?   Yes _____   No _____

   If so, when?  _____

   (a) What was plaintiff's last demand?

       (1) Monetary demand: $ _____
       (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

       (1) Monetary offer:   $ _____
       (2) Non-monetary offer: _____

3. The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1).   If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   (b) Should discovery be conducted in phases?   If so, explain.

   (c) Number of Interrogatories by each party to each other party: _____

   (d) Number of Depositions to be taken by each party: _____

    (e)       Plaintiff's expert report due on _____.

    (f)       Defendant's expert report due on _____.

    (g)      Motions to Amend or to Add Parties to be filed by _____.

    (h)      Dispositive motions to be served within _____ days of completion of discovery.

    (i)       Factual discovery to be completed by _____.

    (j)       Expert discovery to be completed by _____.

    (k)      Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    (l)       A pretrial conference may take place on _____

    (m)     Trial by jury or non-jury Trial?

    (n)      Trial date: _____.

7. Do you anticipate any discovery problem(s)?   Yes _____  No _____
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?   Yes _____ No _____
If so, explain.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure.   If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10. Is this case appropriate for bifurcation? Yes _____ No _____

11. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

                                              _____
                                              Plaintiff(s)

                                              _____
                                              Defendant(s)



**United States District Court for the District of New Jersey**

**NOTICE**
**November 2004**

Dear Bar Member:

The United States District Court for the District of New Jersey implemented electronic case filing on January 5, 2004.  The Case Management/Electronic Case Filing (CM/ECF) system is browser-based and accessible over the Internet.  We are excited about the benefits this technology offers to the court and the bar, especially being able to file and view documents 24 hours a day from the convenience of your office or home.

Training is essential to utilize the full capabilities of this system. Attorneys are encouraged to participate in training and register to become e-filers. For your convenience, we are providing three methods of ECF training.  Hands-on training classes are offered at each of our three courthouses.  You can register for these classes on our web site at **pacer.njd.uscourts.gov**.  There is a self-paced ECF tutorial that is accessible from our web site as well.  We also offer on-site training that can be arranged at your firm depending on the number of attendees and the availability of suitable facilities by calling (973)-645-4439.

ECF registration forms can be obtained from any of our three offices or completed electronically on our website.   It is strongly suggested that you familiarize yourself with the Policies and Procedures that govern the use of this System.   The Electronic Case Filing Policies and Procedures are available on our web site, along with our ECF User's Guide and other useful information.

In addition to ECF access, it is recommended that a PACER (Public Access to Electronic Records) account is obtained.   A PACER account will provide Filing Users with querying capabilities.  PACER is a fee-for-use service offered by the Administrative Office of the United States Courts.  Contact the PACER Service Center at (800) 676-6856 or on-line at http://pacer.psc.uscourts.gov.

*Please be advised that documents not filed electronically but filed in the traditional manner on paper must be accompanied by a floppy diskette or a CD containing the document(s) in PDF format. Each PDF document must not exceed 2MB or 2048KB. If the paper document contains an original signature, then the electronic version contained on the diskette or CD must include a signature line with A*s/@ *(e.g., s/Jennifer Doe).*

The real success of this system is a function of the number of lawyers who become registered e-filing users. Upon receipt of your ECF login and password, the court expects you to file electronically.  Please take advantage of the CM/ECF training opportunities and become a registered e-filer before e-filing becomes mandatory.  Beginning **January 31, 2005**, electronic case filing will be mandatory for all civil and criminal cases other than pro se cases.

Sincerely,

Clerk of the Court

# ALTERNATIVE DISPUTE RESOLUTION
# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $150.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site **pacer.njd.uscourts.gov** and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**