UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FUJIFILM CORPORATION,

    *Plaintiff,*

v.

EASTMAN KODAK COMPANY,

    *Defendant.*

Civil Action No. 24-04017
ORDER

**THIS MATTER** comes before the Court by way of Defendant Eastman Kodak Company's ("Kodak") Motion to Dismiss, ECF No. 40 (the "Motion"), the First Amended Complaint, ECF No. 30 ("FAC"), for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6);[1]

and it appearing that Plaintiff Fujifilm Corporation ("Fujifilm") opposes the Motion, ECF Nos. 43, 47;

and it appearing that this action arises under 35 U.S.C. § 271 for Kodak's alleged infringement of four Fujifilm patents: U.S. Patent Nos. 10,427,443 ("the '443 Patent"), 10,525,696 ("the '696 Patent"), 10,875,346 ("the '346 Patent"), and 11,294,279 ("the '279 Patent"), FAC ¶ 1;

and it appearing that Kodak's Motion seeks dismissal of Fujifilm's claims for pre-suit damages as to the '443, '696, and '346 Patents, as well as dismissal of Fujifilm's claims for pre-

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

1

suit indirect (induced and contributory) and willful infringement as to all four of the above-mentioned patents for failure to state a claim, Motion at 8;

and it appearing that Fujifilm clarifies in its opposition briefing that it only seeks pre-suit damages as to the '279 Patent, ECF No. 43 at 4–5, so the Court will treat any request for pre-suit damages as to the '443, '696, and '346 Patents as waived, United States v. Brito, 979 F.3d 185, 189 (3d Cir. 2020) ("[W]aiver is the intentional relinquishment or abandonment of a known right" (quotation marks omitted)), and address Kodak's Motion only as to the '279 Patent;

and it appearing that Kodak argues, among other things, that Fujifilm's FAC fails to plausibly allege that Kodak had knowledge of the '279 Patent or its infringement, and thus Fujifilm cannot state a claim for indirect or willful infringement, see generally ECF No. 46;

and it appearing that "[c]laims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent," ZapFraud, Inc. v. Barracuda Networks, Inc., 528 F. Supp. 3d 247, 249 (D. Del. 2021) (citation omitted);

and it appearing that allegations of willful blindness can satisfy the knowledge requirement, Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 769 (2011) (stating that willful blindness requires that: "(1) The defendant . . . subjectively believe[s] that there is a high probability that a fact exists and (2) the defendant . . . take[s] deliberate actions to avoid learning of that fact.");

and it appearing that claims for willful infringement likewise "require proof that the defendant knew about the asserted patents and knew or should have known that its conduct amounted to infringement of those patents," ZapFraud, Inc., 528 F. Supp. 3d at 249 (citation omitted); see also VLSI Tech. LLC v. Intel Corp., No. 18-966, 2019 WL 1349468, at *1 (D. Del.

Mar. 26, 2019) (noting that knowledge of the patent and knowledge of infringement are requirements of willful, induced, and contributory infringement);[2]

and it appearing that, as to Kodak's knowledge of the '279 Patent, Fujifilm alleges that "(1) Kodak, when prosecuting two of its own patent applications, submitted two separate Information Disclosure Statements to the U.S. Patent and Trademark Office that cited the European counterpart of the '279 Patent[, FAC ¶ 12]; (2) Fujifilm asserted infringement of related European counterparts against Kodak's subsidiaries in Europe five months before the filing of the Original Complaint, for the same products at issue in this case[, FAC ¶ 11]; and (3) the parties compete in the marketplace[, FAC ¶¶ 10, 14]," ECF No. 43 at 5–6 (emphases added);

and it appearing that "[k]nowledge of a foreign patent does not provide notice of a 'corresponding' U.S. patent," Carrum Techs., LLC v. BMW of N. Am., LLC, No. 18-1645, 2023 WL 1861150, at *2 (D. Del. Feb. 9, 2023) (finding that defendant's citation of the patent-in-issue's foreign counterpart during the prosecution of its own patent and additional allegations that the entity would have found the patent-in-issue through its research insufficient to establish pre-suit knowledge of the patent-in-issue) (citation omitted);

and it appearing that, absent plausible allegations of notice, or cooperation or communication between Kodak and its European subsidiaries,[3] the fact that Kodak's European

---

[2] Because the Court resolves Kodak's Motion on the knowledge requirement, it does not separately address whether Fujifilm has adequately pleaded that Kodak had the requisite intent to infringe. See Staton Techiya, LLC v. Harman Int'l Indus., Inc., 734 F. Supp. 3d 329, 340 (D. Del. 2024) ("Specific intent is a distinct element from the knowing inducement of infringing acts.").

[3] In its sur-reply, ECF No. 47.1, Fujifilm urges the Court to construe its allegation that "Defendant has had knowledge of Plaintiff's patents, including the patents-in-suit . . . because Defendant's subsidiaries . . . were sued for infringing the related European counterparts . . . ," FAC ¶ 11, as implying some level of cooperation between Kodak and its subsidiaries, not the mere imputation of knowledge from subsidiary to parent. See ECF No. 47.1 at 1–2 ("It is true that the Kodak entities are closely related, and apparently cooperating in connection with this broader dispute, but Kodak's new argument that knowledge of one entity should not be imputed to another

subsidiaries "were sued for infringing the related European counterparts of the patents-in-suit in the Unified Patent Court . . . and in the German Patent Court," FAC ¶ 11, are insufficient to establish Kodak's pre-suit knowledge of the '279 Patent or its infringement, cf. PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC, No. 21-346, 2022 WL 610740, at *5 (D. Del. Jan 26, 2022) ("[Plaintiff's] allegations in the complaint [regarding Defendant's predecessor's foreign subsidiary's] involv[ement] in . . . foreign Opposition proceeding[s]" concerning a related European patent "do not support a reasonable inference that [Defendant] learned of the [patent-in-issue]. . . . [A] plaintiff needs to set out more than just the bare fact of the parent/subsidiary relationship in order to make out a plausible claim that the U.S. Defendants had the requisite knowledge of the patent-in-suit." (cleaned up)), R. & R. adopted, No. 21-346, 2022 WL 611260 (D. Del. Feb. 18, 2022);

---

is a red herring. . . . For clarity, imputation is not the argument that Fujifilm advances."). In support of that argument, Fujifilm asks the Court to take judicial notice of the Statements of Defense that Kodak's European subsidiaries filed in the European patent infringement cases, which allegedly demonstrate some level of cooperation between Kodak and its subsidiaries. See id. at 2–3 & n.1.

First, Fujifilm's bare allegation that "Defendant has had knowledge" of the '279 Patent because of the European proceedings, FAC ¶ 11, without more, does not raise the plausible inference that Defendant Kodak had notice of those proceedings or worked in tandem with its subsidiaries in their defense to establish Kodak's knowledge of the patent or its infringement. Second, Fujifilm's request for judicial notice appears to this Court to be a veiled attempt at amending its pleadings. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.9 (3d Cir. 2022) ("[A plaintiff] should not be able effectively to amend a complaint through any document short of an amended pleading."); Freeney v. Bank of Am. Corp., No. 15-2376, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015) ("Plaintiffs' attempt to amend their complaint through judicial notice to include facts [omitted from the complaint] is improper."); Varian Med. Sys., Inc. v. Elekta AB, No. 15-871, 2016 WL 3748772, at *6–7 (D. Del. July 12, 2016) ("It seems like one thing to take judicial notice of a document . . . in order to amplify the factual basis for a claim already set out in some detail in a pleading. But it feels like quite another for an important element of a claim to be deemed satisfied entirely due to . . . extra-complaint, judicially noticed facts."), R. & R. adopted, No. 15-871, 2016 WL 9307500 (D. Del. Dec. 22, 2016). Fujifilm is free to add these allegations to a second amended complaint.

4

and it appearing that unadorned allegations that Kodak and Fujifilm are in "direct competition in the marketplace," see FAC ¶¶ 10, 14, even when viewed together with Fujifilm's other allegations concerning knowledge, also do not support an inference of pre-suit knowledge, see, e.g., PPG Indus., 2022 WL 610740, at *5 ("[B]are allegations of [defendant's] participation in the [relevant] industry [do not] support an inference of pre-suit knowledge."), cf. ELM 3DS Innovations, LLC v. SK Hynix Inc., No. 14-1432, 2016 WL 1274803, at *1 (D. Del. Mar. 31, 2016) (noting that "numerous cases have found that factual allegations based on general participation in a relevant market may not form a basis for inferring actual knowledge of a particular patent" but finding Plaintiff's detailed allegations concerning the unique nature of the relevant market sufficient to plausibly allege knowledge);

and it appearing that, in its opposition briefing, Fujifilm argues that Kodak was "[a]t the very least . . . willfully blind to the '279 Patent, given the known infringement allegations over the same Accused Products based on the European counterpart to the '279 Patent," ECF No. 43 at 8–9 (citing FAC ¶ 11);

and it appearing that Fujifilm does not clearly raise a theory of willful blindness in its FAC,[4] and Fujifilm may not amend its FAC through its briefing, see, e.g., Com. of Pa. ex rel. Zimmerman

---

[4] While Fujifilm does not rely on this allegation to support its argument for willful blindness, cf. ECF No. 43 at 8–9, the Court notes that Fujifilm pleads that "[o]n information and belief, despite knowing that its actions constitute induced infringement of the '279 Patent and/or despite knowing that there was a high likelihood that its actions constitute induced infringement of this Patent, or knowing that there was a high likelihood that its actions resulted in direct infringement by its customers, Defendant nevertheless continues its inducing and infringing actions," FAC ¶ 142. Even if these allegations could be construed as putting forward a theory of willful blindness, they are conclusory assertions that parrot the first element of the theory and are thus insufficient. See Owner Operator Indep. Drivers Ass'n, Inc. v. Pa. Tpk. Comm'n, 934 F.3d 283, 290 n.7 (3d Cir. 2019) ("In reviewing a complaint, we disregard conclusory assertions and bare recitations of the elements.").

v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988);[5]

and it appearing that, even if Fujifilm had raised willful blindness in its FAC, Fujifilm has not pled any "deliberate actions" that Kodak took to "avoid learning" of its wrongdoing, Global-Tech, 563 U.S. at 769;

and it appearing that the cases Fujifilm cites in support of its opposition are distinguishable;

**IT IS** on this 19th day of February, 2025;

**ORDERED** that Defendant Kodak's Motion to Dismiss for failure to state a claim, ECF No. 40 is **GRANTED** without prejudice.

/s/ Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[5] In this same vein, Fujifilm also argues in its briefing that "Kodak . . . cannot deny pre-suit knowledge of the '279 Patent, because its affiliates, in the Statement of Defense submitted in the European proceeding on February 6, 2024, specifically cited to and discussed the '279 Patent file history, including by attaching and filing in that proceeding a document that was submitted to the U.S. Patent and Trademark office in connection with the patent application for the '279 Patent." ECF No. 43 at 8. But these allegations are, again, absent from Fujifilm's pleadings. In a future amended complaint, Fujifilm is free to add these allegations.