**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER ORDER**

September 30, 2026

**TO: ALL COUNSEL OF RECORD**

**Re: Fujifilm Corporation v. Eastman Kodak Company**
**Civil Action No. 24-4017 (MCA) (JSA)**

Dear Counsel:

Before the Court is Defendant/Counterclaim Plaintiff Eastman Kodak Company's ("Kodak") renewed motion to stay this case pending *Ex Parte* reexamination proceedings. (ECF Nos. 206, 210). Plaintiff/Counterclaim Defendants Fujifilm Corporation and Fujifilm North America Corporation ("Fujifilm") oppose the motion. (ECF No. 208). No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Kodak's motion is **DENIED**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

This patent infringement case involves six patents that cover aspects of lithographic printing plates. Four are Fujifilm patents: United States Patent No. 10,427,443 (the "'443 patent"); United States Patent No. 10,525,696 (the "'696 patent"); United States Patent No. 10,875,346 (the "'346 patent"), and United States Patent No. 11,294,279 (the "'279 patent") (collectively, at times, the "Fujifilm patents"). Two are Kodak patents: United States Patent No. 9,029,063 (the "'063 patent"), and United States Patent No. 7,524,614 (the "'614 patent") (collectively, at times, the "Kodak patents"). Fujifilm filed its Complaint against Kodak on March 20, 2024, alleging infringement of the Fujifilm patents. (*See* ECF No. 1). A Scheduling Order was entered on September 26, 2024. (*See* ECF No. 52). The scope of the case expanded on March 5, 2025, when Kodak filed its Answer and Counterclaims to introduce the Kodak patents and allege Fujifilm's infringement of same. (*See* ECF No. 81).

While discovery was proceeding, in the fall of 2025, the parties filed mutual requests for *Ex Parte* Reexamination (EPR) of all six patents-in-suit before the U.S. Patent and Trademark Office (PTO). (*See* Declaration of Rebekah R. Conroy, Esq., Exs. A-F; ECF No. 187-2). They concurrently filed cross-motions to stay this litigation under differing scopes: Fujifilm sought a stay limited to Kodak's patents, while Kodak advocated for a stay of proceedings regarding all six

[1] The facts and extensive procedural history of this action are well-known to the parties. As such, the Court recites only the facts and background relevant to decide the instant motion.

patents or, alternatively, no stay at all. (*See* ECF Nos. 158, 160). After the PTO granted review of all six patents and issued preliminary rejections against three Fujifilm patents and both Kodak patents (ECF No. 184), this Court administratively denied the initial cross-motions and ordered renewed briefing to address the changed circumstances (ECF No. 185).

The parties submitted renewed cross-motions to stay on April 20, 2026. (*See* ECF Nos. 186, 187). While the renewed motions were pending, the landscape shifted again. Specifically, following further PTO proceedings, five of the six patents exited the EPR process; all four Fujifilm patents and Kodak's '614 patent survived review. (*See* ECF Nos. 195-96, 198-99).[2] The sole unresolved matter before the PTO was Kodak's '063 patent. The PTO examiner rejected the '063 patent on two grounds, and Kodak has since submitted a response seeking to overcome the rejection. (*See* ECF No. 206 at 3; ECF No. 208 at 1-2).

Due to the then-pending motions to stay and the ongoing PTO process, *Markman* briefing was stayed, discovery stalled, and the Scheduling Order dates became stale. (*See* ECF Nos 172, 192). As a result, this Court held a case management conference on August 25, 2026, to address the status of the case and the EPR proceedings. (*See* ECF No. 200). During the August 25th Conference, this Court questioned the logic of a stay when the EPR proceedings had concluded for five of the six patents-in-suit, including the entirety of Fujifilm's affirmative case asserting infringement of the Fujifilm patents. (*See* Transcript of Hearing, dated August 25, 2026 ("Tr."), at 14:5-15:17, ECF No. 207). Nevertheless, Kodak maintained that the entire litigation should be stayed until the '063 patent is fully resolved before the PTO, which Fujifilm opposed. (*See* Tr. 17:11-23). Accordingly, the Court advised counsel that it would administratively terminate the renewed motions to stay because the PTO had approved five of the six patents, but granted Kodak leave to file a formal motion to stay on an expedited basis to once again address the appropriateness of a stay given the changed circumstances. (*See* Tr. 18:7-19:20, 22:9-24:16; *see also* ECF No. 205). The present motion followed. (*See* ECF Nos. 206, 208, 210).

## II. DISCUSSION

### A. LEGAL STANDARD

Staying a patent case during reexamination is discretionary. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). The party seeking a stay bears the burden of showing it is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In considering whether to stay a case pending reexamination, "courts in this district frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simply the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Nippon Steel & Sumitomo Metal Corp. v. POSCO*, 2013 WL 1867042, at *4 (D.N.J. May 2, 2013); *see also APP Pharma, LLC v. Ameridose, LLC*, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011); *WABCO Holdings v. Bendix Comm. Vehicle Sys.*, 2010 WL 2628335, at *2 (D.N.J. June 28, 2010).

[2] By letter dated September 29, 2026, Fujifilm advises that the PTO has formally issued *Ex Parte* Reexamination Certificates for the '443, '696, and '279 patents, and expects to issue certificates for the '346 and Kodak's '614 patent "imminently." (*See* ECF No. 211).

"The party requesting the stay bears the burden of showing that a weighing of these factors justifies the Court's exercise of its discretion to stay." *Jiaxing Super Lighting Electric App. Co., Ltd. v. All Star Lighting Supplies, Inc.*, 2026 WL 1113700, at *4 (D.N.J. Apr. 24, 2026) (granting in part and denying in part stay pending reexamination). Ultimately, "motions to stay proceedings are committed to a district court's sound discretion." *Id.*

**B. <u>ANALYSIS</u>**

Five of the six patents at issue in this case have emerged from EPR and will be litigated on the merits. The sixth patent, Kodak's '063 patent, has been rejected by the PTO examiner, although Kodak has filed a response seeking to overcome that rejection. Despite this case being more than two years old and the majority of the six patents-in-suit having survived the EPR process, Kodak contends that a stay of the entire case is appropriate. Based on a balancing of the relevant factors, the Court disagrees.

***i. Prejudice or Tactical Disadvantage***

The first factor is whether a stay would unduly prejudice or present a tactical disadvantage to the non-moving party. *See Jiaxing*, 2026 WL 1113700, at *4. This factor is particularly important where, as here, the parties are competitors in the relevant marketplace. *See Nippon*, 2013 WL 1867042, at *5 ("[W]hen parties are directly competing and the landscape of the relevant market is changing, it presents a circumstance where justice demands that the allegedly aggrieved party be given an opportunity to litigate its claims-and sooner rather than later."); *see also ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, 2012 WL 5599338 (D. Del. Nov. 15, 2012) (same).

Fujifilm argues that it will suffer prejudice if it is not permitted to litigate this case on the merits at this time. (*See* ECF No. 208 at 14-15). Indeed, since the initiation of the EPR, Fujifilm has opposed a stay of the Fujifilm patents and has been eager to prosecute its claims. (*See* ECF No. 160). Now, at this point, this case is two years old, and Fujifilm claims that Kodak continues to actively infringe its intellectual property rights in a competitive head-to-head market. (*See* ECF No. 208 at 14-15). All the while, none of Fujifilm's patents remain subject to the EPR, and therefore, Fujifilm argues, there is no basis to delay prosecution of their claims. Finally, Fujifilm contends that there is no definitive timetable for how long the EPR may continue with respect to the '063 patent, and that this uncertainty adds further potential for prejudice. (*See id.* at 4-8).

Kodak attempts to refute Fujifilm's claims of prejudice in two ways. First, Kodak argues that Fujifilm will not suffer any prejudice because it waited two years after its last patent issued to file this lawsuit, thus, an alleged "short" stay would not be prejudicial. (*See* ECF No. 206-1 at 8; ECF No. 210 at 7). Second, Fujifilm's failure to seek injunctive relief suggests that there would be no prejudice from a stay. (See ECF No. 206-1 at 8-9). Neither argument is persuasive. Rather, for the reasons below, the Court concludes the first stay factor weighs strongly against a stay of this case.

First, Fujifilm explained that the last of the Fujifilm patents issued in 2022. (ECF No. 208 at 19). Thereafter, as part of a "global enforcement campaign," Fujifilm moved to enforce

counterpart patents against Kodak in Europe in 2023 before filing this domestic lawsuit in early 2024. (*See id.*) Some courts have suggested that the timing of filing suit—even assuming some delay—is of minimal importance to the prejudice analysis as it relates to a stay. *See, e.g., Ecolab Inc. v. Gurtler Chemicals, Inc.*, 2015 WL 13949948, at *2 n.2 (D. Minn. Mar. 3, 2015). Nevertheless, even if timing was relevant, Fujifilm's filing strategy is reasonable, as Fujifilm's decision to file a lawsuit in Europe followed quickly by one in the United States does not suggest any material delay in enforcing its rights. Nor does a filing decision made in 2024, more than two years ago, bear on the issue of prejudice given the current posture and recent impactful changed circumstances.

Second, Fujifilm's decision to forego a preliminary injunction does not mean it will suffer no prejudice if the case is stayed. As courts in this district have noted, a party may have many reasons for choosing not to move for injunctive relief. *See Nippon*, 2013 WL 1867042, at *6 n.6 (noting that a party may choose not to move for injunctive relief "for a number of reasons" and that the absence of a preliminary injunction motion "does not erase the fact that [the plaintiff] would likely suffer tangible harm from a stay") (collecting cases and denying stay). As such, Fujifilm's lack of an injunction motion does not justify a stay or suggest that one would not cause prejudice.

Finally, the uncertainty surrounding the duration of the EPR compounds the potential for prejudice to Fujifilm. The parties strongly disagree on how long the PTO will take to resolve Kodak's response regarding the '063 patent. Although Kodak asserts that the EPR proceedings will conclude swiftly and that the stay is likely to be "short," (*see* ECF No. 206-1 at 1), there is little concrete evidence to support that claim. Rather, as Fujifilm notes, a rapid conclusion would likely occur only if Kodak is successful in overcoming the PTO examiner's final rejection. (*See* ECF No. 208 at 4). If it does not, as Fujifilm argues, highly unpredictable appeals could follow – first to the Patent Trial and Appeal Board ("PTAB") and then potentially to the Federal Circuit. (*See id.*) Even though Kodak represents that it would not seek a stay of this case pending any potential appeal to the Federal Circuit, (*see* ECF No. 210 at 8), it does not make any representation about appeals to the PTAB, and there is substantial ambiguity inherent in the EPR appeal process. Specifically, Fujifilm contends the appeal process before the PTAB could stretch through at least September 2027, if not longer (*see* ECF No. 208 at 6), whereas Kodak claims the PTO's final decision and subsequent appeals will take only "a few months." (ECF No. 210 at 13). Whichever party is ultimately correct is beside the point. The unclear timeline associated with the remaining EPR process concerning one patent adds to the prejudice involved, particularly when Kodak has proffered no burden or prejudice whatsoever in proceeding with the case.

***ii. Simplification of Issues***

The second factor is whether a stay will simplify the issues. *See APP Pharma, LLC v. Ameridose, LLC*, 2011 WL 816622, at *2. Here, a stay would not materially simplify the issues in this case. Simply stated, five of the six patents involved are no longer in the EPR process. Those patents will proceed through discovery and trial. Thus, there is no simplification of *any* issues to be gained as it relates to the majority of the patents and the case, which is ripe to finish discovery and proceed through *Markman* and toward trial. As many courts have held, the simplification factor does not weigh in favor of a stay when only a small slice of the case remains

subject to EPR review. *See, e.g.*, *Corteba Agriscience LLC v. Monsanto Co.*, 2023 WL 3119968, at *1-2 (D. Del. Apr. 27, 2023) (simplification factor did not favor stay when two of three patents were not subject to reexamination); *Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*, 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015) (simplification factor did not weigh in favor of stay in suit between competitors when all patents were not subject to review). Accordingly, the second factor weighs significantly against a stay.

***iii. Stage of the Proceedings***

The final factor is the stage of the proceedings. *See APP Pharma*, 2011 WL 816622, at *2. On the one hand, it is true that neither *Markman* proceedings nor a trial date have been set. In that sense, this case is closer to the beginning than the end. However, at the same time, the case has been pending for more than two years, while the EPR process of all six patents played out. Further, the Court had entered a Pretrial Scheduling Order and the parties have served and responded to contentions. The fact that a case is in a "relatively early stage . . . does not necessarily mean a stay is appropriate." *Wyeth v. Abbot Labs*, 2011 WL 380902, at *4 (D.N.J. Feb. 1, 2011) (denying stay pending reexamination). And, as other courts have noted, there are concerns of "[j]udicial efficiency," which have "a temporal component and mandate[] that the matter be decided at the earliest possible time." *Sunbeam Prods. Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262 (E.D. Va. May 10, 2010) (denying request for stay pending reexamination). Thus, while the parties have additional discovery to conduct and other proceedings to be scheduled, the current stage of the proceedings does not clearly warrant a stay. Therefore, this factor is either neutral or weighs only slightly in favor of a stay.

## III. CONCLUSION

For the reasons above, the Court concludes that a balancing of the relevant factors weighs against a stay of this case. Accordingly, Kodak's motion to stay, (ECF No. 206), is **DENIED**.

The parties are directed to meet-and-confer and submit a proposed amended scheduling order within fourteen (14) days from the date of this Order.

**SO ORDERED**.

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Madeline C. Arleo, U.S.D.J.